FILED

2015 Nov-20  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MATTHEW R. CROWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:  CV-15-01002-KOB** |
| | ) | |
| **FLOYD C. DETAMORE, CSS** | ) | |
| **TRUCKING, LLC, ARVEN** | ) | |
| **LEASING, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This matter is before the court on "Defendant's Motion for Summary Judgment," filed by Arven Leasing, Inc.  The motion reflects that it is unopposed, and the court received an email from Brandon Bishop, attorney for the Plaintiff, on November 2, 2015 confirming that the motion was unopposed.  Because the court entered the "Order Setting Briefing Schedule" (doc. 18) before receiving that email confirmation, the court reminded the Plaintiff in that order that the failure to oppose the undisputed facts listed in the brief would result in those facts being taken as admitted. The Plaintiff did not respond to the motion for summary judgment by the deadline.

Accordingly, the court TAKES AS ADMITTED all of the undisputed facts listed in Arven's brief which state, for example, that the tractor involved in the accident made the basis of this suit was not under Arven's custody or control at the time of the accident because it had been to R & A Logistics; that the driver of that tractor was not under Arven's employment or control at the time of

the accident and has never contracted with Arven or been employed by Arven or compensated by

Arven; and that Arven did not dispatch the tractor or equipment involved in the accident.  In light

of the undisputed facts, and the Plaintiff's lack of opposition to the motion, the court WILL GRANT

the motion, and the court WILL ENTER JUDGMENT in favor of Arven Leasing, Inc. and against

the Plaintiff as to all claims asserted against it.

Although no motion before the court specifically requests the dismissal of fictitious parties,

the court *sua sponte* addresses this issue.  Fictitious party practice is generally not permitted in

federal court. *New Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997).  However,

some circumstances exist when a federal court may allow fictitious party pleading.  The Scheduling

Order in this case (doc. 13) set a deadline of November 2, 2015for Plaintiff to amend pleadings

and/or join additional parties.  That deadline expired without further amendment of pleadings to

identify the fictitious parties.  Accordingly, assuming *arguendo* – without making a specific finding

– that this case represents one in which the fictitious parties were properly named initially, the court

finds that all fictitious party Defendants in this case are due to be DISMISSED WITH PREJUDICE.

The court will enter a separate Order consistent with this Memorandum Opinion.

Dated this 20th day of November, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE